(24 Misc. Rep. 381.)

### GODDARD v. SCHMOLL et al.

(City Court of New York, General Term, August 2, 1898.)

1. EVIDENCE—INSTRUMENT ACKNOWLEDGED WITHOUT STATE.

    If an instrument is acknowledged without the state before a notary public, the omission from his certificate of any statement that the person certified as executing it was "the individual described in and who executed the foregoing instrument," constitutes a fatal objection to its use in evidence within the state.

2. SAME—SUFFICIENCY.

    So, also, does the omission from the certificate of authentication by the secretary of state of the required statement as to his acquaintance with the handwriting of the notary, and his belief that the notary's signature in question is genuine.

3. SAME.

    The statement in such a certificate of authentication that the notary "was appointed and commissioned, and on March 28, 1893, duly received the qualifying oath thereunder, as a notary public, * * * for the term of seven years from the date of said commission," does not warrant an inference that he was at the time of taking the acknowledgment, on December 29, 1894, still lawfully performing the functions of his office.

Action by Morrill Goddard against Armand Schmoll and others. Judgment for plaintiff, and defendants appeal. Reversed.

Argued before CONLAN and OLCOTT, JJ.

Van Schaick & Colton, for appellants.

Philip Carpenter, for respondent.

CONLAN, J. This is an appeal from a judgment in favor of the plaintiff, and from an order denying a motion for a new trial.

The plaintiff is the assignee of the alleged cause of action, which arose out of the giving of an undertaking upon an attachment. The alleged assignment was executed in Massachusetts, and it is claimed by the defendants that the same was not sufficiently authenticated to entitle it to be read in evidence upon a trial had in this jurisdiction.

The Revised Statutes of this state provide as follows:

"The proof or acknowledgment of any deed or other written instrument required to be proved or acknowledged in order to entitle the same to be recorded or read in evidence, when made by any person without this state, and within any other state and territory of the United States, or within the dominion of Canada, may be made before any officer of such state, territory or dominion authorized by the laws thereof to take the proof and acknowledgment of deeds, and when so taken and certified as herein provided, may be read in evidence in any court in this state, in the manner and with like effect as proofs and acknowledgments taken before any of the officers now authorized to take such proofs and acknowledgments: provided that no such proofs and acknowledgments shall be valid unless the officer taking the same shall know or have satisfactory evidence that the person making such acknowledgment is the individual described in and who executed said deed or instrument." 2 Rev. St. (6th Ed.) p. 1140, § 5; Laws 1848, c. 195, § 1, as amended by Laws 1892, c. 208, and by Laws 1893, c. 123; Laws 1896, c. 547, § 261.

And section 2 of said act, as amended by Laws 1867, c. 557, Laws 1891, c. 100, and Laws 1894, c. 729, provides as follows:

"To entitle any conveyance or written instrument, acknowledged or proved under the foregoing section, to be read in evidence or recorded in this state, there shall be subjoined or attached to the certificate of proof or acknowledgment, signed by such officers, a certificate under the name and official seal of the secretary of state, of the state in which such officer resides, or under the name and official seal of the clerk, recorder or prothonotary of the county in which such officer resides or in which such proof or acknowledgment was taken, or the clerk of any court in such county having a seal, specifying that such officer was at the time of taking such proof or acknowledgment duly authorized to take the same, and that such secretary of state, clerk, register or recorder or prothonotary is well acquainted with the handwriting of such officer, and verily believes that the signature to said certificate of proof or acknowledgment is genuine."

It is sufficient to say that the certificates furnished by the plaintiff, put in evidence, were not a compliance with the provisions of the statutes quoted above, and in the following particulars, namely: The certificate of the notary public does not contain any statement whatever that the person certified as the one executing the instrument of assignment was "the individual described in and who executed the foregoing instrument," as required by the statute; nor does the certificate of the secretary of state of Massachusetts, thereto attached in authentication, anywhere contain the statement that he "is well acquainted with the handwriting of such officer," or that he "verily believes that the signature to said certificate of proof or acknowledgment is genuine," or "that such officer was at the time of taking such proof or acknowledgment duly authorized to take the same." We may not infer from the language employed in the certificate that because "he was appointed and commissioned, and on the 28th day of March, 1893, duly received the qualifying oath thereunder, as a notary public for the said commonwealth, for the term of seven years from the date of the said commission," therefore

he was at the time of the taking of the acknowledgment, on the 29th day of December, 1894, still lawfully performing the functions of his office, without the qualifying statement to that effect; and how easy and how simple a matter it would have been for the secretary's certificate to say so. But, if it be insisted that the certificate is sufficient in this last respect, it certainly utterly fails to comply with the requirements of the statute in the other particulars pointed out, and for these reasons could not be properly read in evidence upon the trial of the action here.

But it is further objected that the plaintiff's exception is not broad enough to review that question here. Let us see. The objection was to its immateriality, irrelevancy, and incompetency, and the exception was to the ruling thereon. We do not think that the scope of this objection or exception was limited by the following additional objection, namely, "I object to it further on the ground that," etc., as that was not a limiting, but an additional, application of the first objection; and the exception to the ruling against him thereon in no way prejudiced the objection or exception taken by the plaintiff to the ruling on the broader ground, as shown above. As the assignment of the cause of action to the plaintiff is the only authority for him to bring this action, and as the evidence of such assignment was insufficient, it follows that there could not be a recovery by the plaintiff; and, for these reasons, we think the judgment should be reversed.

Judgment reversed, and new trial ordered, with costs to the appellants to abide the event.

OLCOTT, J., concurs.